■ CAMERON INDUSTRIES, INC., Appellant, v STAG EXPRESS, INC., Respondent. [737 NYS2d 91] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered November 29, 2000, after a nonjury trial, in favor of plaintiff and against defendant in the principal amount of $4,529.57, unanimously affirmed, with costs.

Without warehouse receipts, which the record indicates is the industry standard for an entrustment of goods as alleged herein, plaintiff's claim for the value of its goods allegedly stored in defendant's warehouse and not returned depends entirely on the credibility of its witnesses and internal accounting procedures. A trial court's decision " 'should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). Plaintiff's main witness, its "traffic manager," when confronted

with evidence that defendant had delivered many of the allegedly missing items to plaintiff's customers, conceded that it was possible that he was never notified of these deliveries. His credibility was further undermined when presented with documents that showed deliveries from defendant to plaintiff that were signed for not only by another of plaintiff's employees but by the witness himself. There was also evidence that plaintiff assessed defendant more for a missing item than it had charged its customer. Concerning plaintiff's claim for "charge-backs," i.e., money it claims it mistakenly paid to defendant, a fair interpretation of the evidence shows that plaintiff had already been taking the charge-backs into account in its regular payments, and that without reversing any of the charge-backs, defendant calculated the $46,982.42 it demanded before it would allow plaintiff to pick up its goods. Plaintiff's other claims are unpreserved and, in any event, without merit. Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.